## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHELLY FAYE PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1117-R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts [Doc. No. 16] and Plaintiff's Objection to the Report and Recommendation [Doc. No. 17]. The Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

In her first objection, Plaintiff maintains that the ALJ's failure to consider Plaintiff's fibromyalgia, sleep apnea and chronic fatigue in the list of Plaintiff's impairments means that the RFC finding was, "as a matter of logical necessity," affected or rendered wrong. Objection at p. 2. Plaintiff suggests that the pain and tiredness from these impairments can certainly contribute to limiting a person's ability to work. *See id.* Additionally, Plaintiff complains that objective evidence of "multiple trigger point myalgias in the upper shoulder blade, lower back, knee and hip area," *id.* at p. 3 (quoting Tr. at 160) and "mild tenderness in the deep muscle tissue of the left posterior triceps just below the shoulder," *id.*, *quoting* Tr. at 159, and other descriptions of symptoms in the medical records, *id.*, citing Tr. at 159

& 155, are not mentioned in the ALJ's decision and should have been considered in assessing Plaintiff's credibility pursuant to 20 C.F.R. § 416.929 and Social Security Ruling 96-7p.  As Plaintiff puts it, "[t]he ALJ's failure to include the objective proof of Ms. Peterson's fibromyalgia in the pool of objective evidence against which he measured her subjective complaints, and on the basis of which he decided how much credence to give those complaints, was inherently fatal to the fairness and reliability of the credibility and RFC assessments." *Id.*

However, as explained by the Magistrate Judge, the medical records contain no diagnosis of fibromyalgia after April of 2003 until May of 2006, when Dr. Hayhurst made that diagnosis, after Plaintiff had filed her claim.  Although Dr. Hayhurst did prescribe medications, he imposed no restrictions on Plaintiff and thereafter, when Plaintiff was seen by her treating physician, Dr. Schloen, he did not adopt Dr. Hayhurst's fibromyalgia diagnosis nor repeat it thereafter.  *See* Report and Recommendation at p. 6.  Because there was a single diagnosis of fibromyalgia made during the period relevant to Plaintiff's claim unaccompanied by any finding of any functional restrictions or suggestion of disabling limitations, the ALJ did not err in failing to include fibromyalgia in his step two findings inasmuch as he considered the limiting effects from such impairments in assessing Plaintiff's RFC at step four.  *See Stokes v. Astrue*, 274 Fed. Appx. 675, 679 (10th Cir. April 18, 2008). The ALJ properly considered Plaintiff's multiple complaints of pain, fatigue, drowsiness and discomfort, Tr. at 14 & 16-17, and found that Plaintiff's impairments "could have been reasonably expected to produce some of the alleged symptoms." Tr. at 17.  However, the evidence did not establish any additional limiting or disabling effects from fibromyalgia

and/or chronic fatigue that were inconsistent with Plaintiff's RFC for a wide range of light work. Tr. at 16-17. And as the Magistrate Judge correctly pointed out, the ALJ did not err in failing to list sleep apnea as one of Plaintiff's impairments because sleep apnea was merely suspected but had not been diagnosed through testing and thus was not shown to be an established impairment. Report and Recommendation at p. 8.

Next, Plaintiff asserts that the ALJ did not give an adequate rationale for discounting Plaintiff's subjective reports of symptoms and functional restrictions, particularly as to walking, standing and using her arms and hands. She contends that the AJ's stated reasons for not ascribing full credibility to Plaintiff's complaints fail to address in a meaningful way the specific statements made by Plaintiff concerning her restricted capacity to walk, stand and use her hands and arms.

Credibility assessments are peculiarly within the province of the factfinder, i.e., the ALJ, and will not be disturbed when supported by substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted). However, an ALJ's findings as to a claimant's credibility must be "closely and affirmatively linked to substantial evidence and not a conclusion in the guise of findings." *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004)(quotation omitted). As explained by the Magistrate Judge, the ALJ considered the inconsistency between Plaintiff's subjective complaints of disabling limitations and the objective medical evidence, the consultative examination report as well as Plaintiff's reported activities in determining that Plaintiff's statements concerning the intensity, duration and limiting effects of her symptoms had not been credible. Tr. at 17. The ALJ's findings

concerning Plaintiff's credibility were supported by substantial evidence and closely and affirmatively linked to substantial evidence in the record cited by the ALJ.

Thirdly, Plaintiff in effect asserts that the Magistrate Judge erred in equating Plaintiff's general education (completion of high school and some college) with the skills necessary to perform the jobs of being a companion, personal attendant, grading clerk and addresser, which are all semi-skilled work. Plaintiff asserts that 20- C.F.R. § 419.964(b)(4) should not be read literally, as the Magistrate Judge apparently read that regulation.

The regulation provides that a person with a "high school education or above" is "*generally* consider[ed]" to be able to do "semi-skilled through skilled work." 20 C.F.R. § 416.964(b)(4)(emphasis added). It may be that a person with such education and no acquired skills could not be considered able to do the work of a physician, an electrician, a plumber, an attorney or a judge, examples cited by Plaintiff. *See* Objection at p. 12. However, it cannot seriously be doubted that a person having a high school education and some college has the ability to do the semi-skilled work of a companion, personal attendant, grading clerk and addresser. Moreover, as the Magistrate Judge pointed out, the Medical-Vocational Guidelines, i.e., the grids, which the ALJ utilized only as a framework for making the step five determination, supplemented by testimony from a vocational expert, would warrant a finding of "not disabled" for an individual of Plaintiff's age and educational level even with no acquired or transferable skills. *See* Report and Recommendation at p. 13 n. 14. *See also Stanistreet v. Chater*, 21 F.Supp.2d 1129, 1131 (C.D. Cal. 1995), *aff'd*, 106 F.3d 409 (9th Cir. 1997)(unpublished). Plaintiff's argument is without merit.

In accordance with the foregiong, the Report and Recommendation of the Magistrate Judge [Doc. No. 16] is ADOPTED in its entirety and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this 30th day of December, 2008

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE